No. 12,067.

ROSSI *v.* BECK, RECEIVER.·

Decided May 7, 1928.

On claim against a receiver. Judgment of dismissal.

*Affirmed.*

1. APPEAL AND ERROR—*Judgment—Court Interpretation—Res Judicata.*
Where a claim on contract against a receiver was dismissed for
the reason, as the trial court announced, ·that the allowance of
a former claim included all demands of claimant against the de-
fendant company and the receiver, the reviewing court assumes
the statement of the trial court to be true in the absence of any-
thing in the record to the contrary, and holds the dismissal jus-
tified under the facts appearing of record.

*Error to the District Court of Adams County, Hon.
Samuel W. Johnson, Judge.*

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. CHARLES GINSBERG, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

IN May, 1927, the district court of Adams county, in an
action there pending entitled: Charles B. Myers, plain-
tiff v. Colorado Pulp and Paper Company, a corporation,
et al., defendants, upon the application of plaintiff
therein, made an order appointing George W. Beck as
receiver of the property of the defendant company. In
December, 1927, the district court, in a general order
adjudicating claims that had been filed with the receiver,
inter alia, made an allowance to one William Rossi of

$1,125 upon Rossi's claim for unpaid contract price of the use of his domestic water, etc., by the defendant company before the receivership, and his claim for damages on account of the filling by the company of the claimant's lake, the claim being based upon alleged liability of the paper company to the claimant which, by contract, had built across the claimant's land a sewer outlet which the defendant company wrongfully cut and thereby filled the claimant's lake, all of which was prior to the appointment of the receiver. Thereafter and in January 1928, Rossi, as petitioner, filed another, or supplemental, claim against the receiver whereby he sought to recover, at the alleged contract price of $50 per month, for further use of his sewer pipeline from the date of the appointment of the receiver to the date of the petition, and he asked as further relief the right to discontinue the alleged contract if the court does not see fit to burden the receiver with it.

There is no issue here as to Rossi's first claim, which was allowed. The receiver disputed the second claim filed and upon a hearing of the same the court upon evidence, that was more or less conflicting, found against the claimant. Rossi, the claimant, is here with this writ of error complaining of the adverse judgment against him.

The trial court, in entering the judgment of dismissal, said expressly that it was not passing upon the question as to the rights of the parties, in and to this sewer pipeline which the paper company had used or constructed across the claimant's premises, and which the receiver had been using after his appointment, and further observed that the receiver had not entered into any contract with reference thereto or assumed any contract concerning the sewer pipeline as to whether or not it might be removed, or the receiver be required to discontinue use thereof, or as to the right of the claimant to remove the same. The court further said that under the evidence the receiver was not obliged to pay anything

upon the alleged claim. And what is particularly applicable here, the court said that it was its understanding at the time that the former claim of $1,125 was allowed, it included all claims for damages which Rossi had against the paper company and the receiver as to the pipeline, and the compensation for using the water for domestic and other purposes, which belonged to the claimant and that because of such understanding the allowance was made. In the absence of anything in this record to the contrary we must assume as true this statement of the trial court.

The record is in an unsatisfactory condition, not only as to the claimant's theory of the case, but in his indefinite, uncertain, contradictory and inconsistent testimony. We think the court was justified in its conclusion that the allowance to the claimant on his first claim included, and was intended to include, all the damages and claims which he had against the receiver growing out of the alleged contract between the claimant and the paper company; and also all claims and demands against the receiver for any use that he had made of, or benefits that he received from, the claimant in connection with this sewer pipeline, or water, and for any damages that may have been inflicted by the insolvent company or by the receiver to the claimant's premises. Since the court expressly excluded from its judgment the rights of the parties as to this sewer pipeline across claimant's premises, the judgment here complained of is not to be interpreted as in any way affecting the conflicting rights of the parties, if there be any, as to the same. The claimant is at liberty, therefore, in the proper manner, to invoke the judgment of the district court upon his claim to the pipeline and his right to remove the same from his premises.

Judgment affirmed.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Butler concur.